GENOVA BURNS LLC
101 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Ph:   973-387-7804
Fax:  973-533-1222
dclarke@genovaburns.com
Attorneys for Defendant

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| Eagle Roadways, Inc. | Chapter 7 proceedings |
| Debtor. | Case No. 21-10174/KCF |
| Daniel E. Straffi, Trustee | Adv. Proceeding No.: 22-01368/KCF |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT TO RECOVER PREFERENCES, FRAUDULENT TRANSFERS AND FOR OTHER RELIEF** |
| Trend Intermodal Chassis Leasing LLC, | |
| Defendant. | |

Trend Intermodal Chassis Leasing LLC ("Trend") answers the complaint of Daniel E. Straffi (the "Trustee"), solely in his capacity as Chapter 7 trustee of Eagle Roadways, Inc. (the "Debtor"), as follows:

## JURISDICTION ALLEGATIONS

1. Trend admits the allegations in paragraph 1.

2. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise, denied that the proceeding is proper as alleged.

3. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise, denied that the proceeding is proper as alleged.

4. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise, denied that the proceeding is proper as alleged.

5. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise, denied that the proceeding is proper as alleged.

## PARTIES

6. Trend admits the allegations in paragraph 6.

7. Trend admits the allegations in paragraph 7.

8. Trend admits the allegations in paragraph 8

## FACT ALLEGATIONS

9. Trend repeats its response to paragraph 6, *supra*, otherwise Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9.

10. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10.

11. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11.

12. Trend admits receiving $44,672.20 from Debtor during the ninety days prior to the Petition Date, but otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12.

13. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14. Trend denies the allegations in Paragraph 14.

15. Trend admits the allegations in Paragraph 15.

16. Trend admits the allegations in Paragraph 16.

17. Trend admits the allegations in Paragraph 17.

18. Trend admits the allegations in Paragraph 18.

19. Trend admits the allegations in Paragraph 19 (the conversation was with Paula Awad).

20. Trend admits the allegations in Paragraph 20 (the contact was from J. Stephen Simms).

21. Trend admits that J. Stephen Simms contacted Plaintiff via e-mail on September 22, 2022 and admits to the allegations in Paragraph 21.

22. Trend admits the allegations in Paragraph 22.

23. Trend admits the allegations in Paragraph 23.

24. Trend admits the allegations in Paragraph 24.

25. Trend admits the allegations in Paragraph 25.

26. Trend denies Plaintiff's allegation of providing proof, but otherwise admits the allegations in Paragraph 26.

27. Trend denies the allegations in Paragraph 27.

28. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28.

29. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29.

30. Trend denies the allegations in Paragraph 30.

**FIRST COUNT**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**(11 U.S.C. §§ 548 and 550)**

31. The answers set forth in Paragraphs 1-30 are hereby incorporated, by reference, as if fully set forth herein.

32. Trend denies the allegations in Paragraph 32.

33. Trend denies the allegations in Paragraph 33.

34. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34.

35. Trend admits the allegations in Paragraph 35.

36. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise denied.

37. Trend repeats its response to paragraph 36.

38. Trend repeats its response to paragraph 36.

**SECOND COUNT**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**(11 U.S.C. §§ 548 and 550)**

39. The answers set forth in Paragraphs 1-38 are hereby incorporated, by reference, as if fully set forth herein.

40. Trend denies the allegations in Paragraph 40.

41. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise denied.

42. Trend admits the allegations in Paragraph 42.

43. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise denied.

## THIRD COUNT
### (11 U.S.C. § 547)

45. The answers set forth in Paragraphs 1-44 are hereby incorporated, by reference, as if fully set forth herein.

46. Trend admits that it was a creditor of the Debtor.

47. Trend admits the allegations in Paragraph 47.

48. Trend admits the allegations in Paragraph 48.

49. Trend admits the allegations in Paragraph 49.

50. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 50.

51. Trend denies the allegations in Paragraph 51.

**52.** This paragraph is an allegation of law which Trend need neither admit or deny, otherwise denied.

## FOURTH COUNT
### (11 U.S.C. §550)

53. The answers set forth in Paragraphs 1-52 are hereby incorporated, by reference, as if fully set forth herein.

54. Trend lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54.

55. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise denied.

## FIFTH COUNT
### TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)

56. The answers set forth in Paragraphs 1-55 are hereby incorporated, by reference, as if fully set forth herein.

57. This paragraph is an allegation of law which Trend need neither admit or deny, otherwise denied.

## RESERVATION OF RIGHTS

58. No response required

59. No response required.

## AFFIRMATIVE DEFENSES

60. Trend asserts the following affirmative defenses to the claims alleged in the Complaint. By asserting and alleging the matters set forth in these affirmative defenses, Trend does not aver or admit it has the burden of proof and/or burden of persuasion with respect to any such matters. Trend expressly reserves the right to assert additional affirmative defenses that may arise or become apparent during discovery and/or the pendency of this action. In addition to the specific averments below, Trend incorporates all preceding paragraphs of its Answer, as is fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

61. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

62. The Trustee may not avoid the Transfers to the extent that they were intended to be contemporaneous exchanges and/or for new value and were in fact substantially contemporaneous exchanges and/or for new value including as provided for by 11 U.S.C. § 547(c)(1).

## THIRD AFFIRMATIVE DEFENSE

63. The Trustee may not avoid the Transfers to the extent that they were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the

Debtor and Trend, and such transfer was either (a) made in the ordinary course of business or financial affairs of the Debtor and Trend, or (b) made according to ordinary business terms, as provided for by 11 U.S.C. § 547(c)(2).

## **RELIEF REQUESTED**

WHEREFORE, based on the foregoing, Trend respectfully prays for entry of judgment against the Trustee under the Counts asserted in the Complaint; that the Complaint be dismissed with prejudice; that Trend be awarded its costs and expenses incurred herein, including attorneys' fees and expenses related thereto; and for such other and further relief as this Court deems just and proper.

Dated: December 15, 2022.

> GENOVA BURNS LLC
>
> /s/ Donald W. Clarke
> Donald W. Clarke
> 101 Allen Road, Suite 304
> Basking Ridge, New Jersey 07920
> Ph:   973-387-7804
> Fax:  973-533-1222
> dclarke@genovaburns.com
>
> -and-
>
> J. Stephen Simms
> Simms Showers LLP
> 201 International Circle, Suite 230
> Baltimore, Maryland 21030
> Ph:   443-290-8704
> Fax:  410-510-1789
> jssimms@simmsshowers.com
>
> Attorneys for Defendant