# SETTLEMENT AGREEMENT AND RELEASE

## I. PARTIES

This Settlement Agreement and Release ("Agreement") is entered into by and between Daniel E. Straffi, Chapter 7 Trustee ("Plaintiff") for Eagle Roadways, Inc. (the "Debtor") and Trend Intermodal Chassis Leasing LLC ("Trend Intermodal"). Plaintiff and Trend Intermodal may be referred to individually in this Agreement as the "Party" or collectively as "Parties."

## II. RECITALS

A. On November 16, 2022, Plaintiff filed a Complaint entitled *Daniel E. Straffi, Trustee v. Trend Intermodal Chassis Leasing LLC* in the United States Bankruptcy Court, District of New Jersey, (hereinafter the "United States Bankruptcy Court") Adversary Proceeding No. 22-01368/KCF (the "Complaint").

B. The Complaint seeks to avoid and recover from Trend Intermodal, pursuant to 11 U.S.C. §§547, 548, 550, certain transfers allegedly made to Trend Intermodal by the Debtor (the "Allegations").

C. The Parties hereto wish to resolve all the disputes between them, asserted or unasserted, related to the Complaint and the Allegations without any admission of any liability.

## III. AGREEMENT

NOW, THEREFORE, in consideration of these promises and the mutual covenants set forth herein and for valuable and mutual consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows in order to avoid the costs and uncertainties of litigation:

1. Recitals. The foregoing recitals are confirmed as true and correct and are incorporated herein by reference. The recitals are a substantive and contractual part of this Agreement.

2. Settlement Procedures.

(a) Payment. Trend Intermodal agrees to pay to Plaintiff in one lump sum the full amount of Forty Thousand Dollars and Zero Cents ($40,000.00) (the "Settlement Funds"). The

*Daniel E. Straffi, Trustee v. Trend Intermodal Chassis Leasing LLC*
United States Bankruptcy Court, District of New Jersey
Adversary Proceeding No. 22-01368/KCF

Defendant shall issue a check payable to the order of "Daniel E. Straffi, Chapter 7 Trustee for Eagle Roadways, Inc." c/o Straffi & Straffi, LLC, 670 Commons Way, Toms River, New Jersey 08755 in the total sum of $40,000.00 (the "Settlement Payment"). This Settlement Payment shall be made in one lump sum, within ten (10) calendar days of the latter of the following events: (i) Trend Intermodal's receipt of a properly-completed W-9 form from Daniel E. Straffi, Trustee for Eagle Roadways, Inc.; (ii) Trend Intermodal's receipt of a fully-executed Agreement; and (iii) entry of Order of Bankruptcy Court approving settlement.

(b) <u>Dismissal of Complaint with Prejudice</u>. In consideration for Trend Intermodal's promises and covenants contained herein, within three (3) business days of receipt of an executed Agreement from Trend Intermodal as well as the payment identified in Section 2(a), and upon entry of a Bankruptcy Court order authorizing and approving this Settlement, Plaintiff shall provide counsel for Trend Intermodal an executed stipulation of dismissal with prejudice of the above entitled action. The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Agreement, if necessary.

3. <u>Release by Plaintiff</u>. Upon execution of this Agreement and entry of a final Order of the Bankruptcy Court approving this Agreement, Plaintiff hereby releases and forever discharges, on Plaintiff's behalf, Debtor's bankruptcy estate, and Plaintiff's heirs, agents, legal representatives, beneficiaries and all others claiming through them, Trend Intermodal, its predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, and each of their respective current and former legal representatives, officers, attorneys, insurers, employees, agents, officers and directors ("Released Parties") from any and all known or unknown claims, demands, and causes of action of any sort and all damages, in equity or contract, which Plaintiff now has or may have relating to or assertable in connection with the Complaint and the Allegations, whether or not asserted in the Complaint ("Released Matters").

4. <u>Release by Trend Intermodal.</u> Upon execution of this Agreement, and entry of a final order of the Bankruptcy Court approving this Agreement, Trend Intermodal hereby releases and forever discharges, on Trend Intermodal's behalf and on behalf of Trend Intermodal's heirs, agents, and legal representatives, Plaintiff, in his capacity as Chapter 7 Trustee, and Debtor's bankruptcy estate from any and all known or unknown claims, demands, and causes of action of any sort and all damages in equity or contract, which Trend Intermodal now has or may have as of the date of this Agreement including, without limitation, any claims, if any, filed or unfiled against the bankruptcy estate or any claims that may or could arise under Section 502(h) of the Bankruptcy Code.

5. <u>Settlement Not an Admission</u>. This Agreement, and any negotiations or proceedings connected with it, shall not in any event constitute or be construed as, or be

*Daniel E. Straffi, Trustee v. Trend Intermodal Chassis Leasing LLC*
United States Bankruptcy Court, District of New Jersey
Adversary Proceeding No. 22-01368/KCF

deemed to be evidence of, an admission of or concession of any wrongdoing by Trend Intermodal.

6. <u>Representations.</u> Plaintiff represents and warrants that Plaintiff has not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title, or interest in any of the matters released herein to any person or entity, and that Plaintiff is not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the matters released in this Agreement. Plaintiff further affirms that Plaintiff is fully capable of executing this Agreement and understand its contents and further, that Plaintiff has legal counsel of Plaintiff's own choice or had an opportunity to obtain such legal counsel to explain the legal effect of signing this Agreement.

7. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement of the Parties hereto with respect to the subject matter hereof and may not be modified or amended except in a writing signed by the Parties.

8. <u>Confidentiality.</u> The terms of this Agreement and any and all facts related to the Released Matters, and the negotiations leading hereto (collectively the "Information") are to be kept strictly confidential by the Parties. The Parties agree not to publicize or disclose the Information, directly or indirectly, to any person or entity except as may be necessary for the preparation of financial statements or tax returns, as may be required by law, or by a valid order of a court with competent jurisdiction. If any party or person acting on behalf of the Parties hereto receives an inquiry about this Agreement, such party will respond only that "the matter has been resolved." Furthermore, the Parties and their counsel shall not post or otherwise disclose or reveal to any person or entity any Information on the Internet or any other media outlet, including but not limited to websites or newspapers, email, Facebook, MySpace, and Twitter. Nothing in this Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies or Court Order. Confidentiality is a material provision of this Agreement and the matters to be held confidential hereunder are to be held strictly confidential by the Parties subject to the terms and limitations of this Agreement. This paragraph constitutes a material provision of this Agreement.

9. <u>Non-Disparagement.</u> Plaintiff and Plaintiff's attorneys will not, directly or indirectly, make any negative or disparaging statements against Trend Intermodal maligning, ridiculing, defaming, or otherwise speaking ill of Trend Intermodal, and its business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to Trend Intermodal's business interests, reputation or good will) in any form (including but not limited to orally, in writing, on any social media, blogs, Internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this

*Daniel E. Straffi, Trustee v. Trend Intermodal Chassis Leasing LLC*
United States Bankruptcy Court, District of New Jersey
Adversary Proceeding No. 22-01368/KCF

Agreement, the Complaint and the allegations regarding the Accounts and Released Matters. Nothing in the Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions with appropriate governmental, taxing, or registering agencies.

10. <u>Exceptions</u>. Trend Intermodal and Plaintiff agree to the filing of this Agreement in the United States Bankruptcy Court and the disclosure of this Agreement in the Trustee's filing of the Notice of Proposed Compromise or Settlement of Controversy in the United States Bankruptcy Court.

11. <u>Validity of Agreement</u>. Should any clause, sentence, paragraph, or other part of this Agreement be finally adjudged by any court of competent jurisdiction to be unconstitutional, invalid or in any way unenforceable, such adjudication shall not affect, impair, invalidate, or nullify the remainder of the Agreement, but shall affect only the clause, sentence, paragraph, or other parts so adjudged: provided, however, that if any court finds Plaintiff's release in Section 3 to be illegal, invalid or unenforceable, Trend Intermodal shall be entitled to recover the payment to Plaintiff provided for in Section 2(a) and Trend Intermodal's release in Section 4 shall also be void.

12. <u>Signing in Counterparts</u>. This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement. Electronic signatures are acceptable. The Parties agree that copies of the Agreement (including faxed, emailed and/or other electronic copies) shall be accepted as originals.

13. <u>Agreement Pertains Only to the Released Matters</u>. This Agreement pertains only to the matters released herein and nothing in this Agreement shall be deemed or construed as a modification of or a release of or from any other accounts, agreements, debts, loans, promissory notes, mortgages, security agreements, contracts, liabilities, or obligations the Parties now have or may have in the future (or any one of them, or any combination of them) that are not specifically and expressly described in detail in this Agreement.

14. <u>Costs and Fees</u>. Each Party agrees to bear the expense of its own costs and attorney's fees in connection with the Complaint.

15. <u>Release of Unknown Claims</u>. Plaintiff hereby acknowledges that Plaintiff may hereafter discover facts different from, or in addition to, those which Plaintiff now claims or believes to be true with respect to the claims released herein, and agree that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts with respect to the claims released herein. Plaintiff acknowledges that this release is intended to include in its scope all claims against the Released Parties arising from

the present dispute which Plaintiff does not know or suspect to exist in Plaintiff's favor at the time of execution of this Agreement, and that this release contemplates the extinguishment of any such claim or claims. Plaintiff expressly waives any right to assert hereafter any claims which were excluded from this Agreement through ignorance, oversight, error or otherwise.

16. <u>Tax Consequences</u>. Plaintiff acknowledges that Plaintiff has not sought, received, or relied on Trend Intermodal, Trend Intermodal's counsel or any agent of Trend Intermodal for any tax advice of any kind with respect to the effects of this Agreement, the Release, or the delivery of any consideration identified herein and Trend Intermodal may be required to file certain 1099 or other information reports with the United States Internal Revenue Service or other government agencies as required indicating payment to Plaintiff as set forth in this Agreement. Plaintiff has been advised to consult with tax counsel of Plaintiff's choice to seek legal and tax advice regarding the taxability or non-taxability of consideration provided herein.

17. <u>Construction</u>. In construing this Agreement, none of the Parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such Party solely by reason of such Party having drafted the same, as a result of the manner of the preparation of the Agreement, or otherwise.

18. <u>Successors and Assigns</u>. The Parties agree that the terms of this Agreement shall be binding on each of their respective heirs, successors, and assigns.

19. <u>Choice of Law</u>. This Agreement shall be deemed to be made under and shall be interpreted in accordance with the Bankruptcy Code and the laws of New Jersey.

20. <u>Approval by Court</u>. That the within settlement shall be subject to the approval of the United States Bankruptcy Court.

21. <u>Notice to Court</u>. That Daniel E. Straffi, Trustee shall file with the United States Bankruptcy Court an Information for Notice of Proposed Compromise or Settlement of Controversy for approval of the terms of the within settlement upon receipt of the settlement monies.

22. <u>Agreement Null and Void</u>. That if the settlement is not approved then this Settlement Agreement and Release shall be deemed null and void and the parties will be returned to the status quo ante.

*Daniel E. Straffi, Trustee v. Trend Intermodal Chassis Leasing LLC*
United States Bankruptcy Court, District of New Jersey
Adversary Proceeding No. 22-01368/KCF

[Remainder of page intentionally left blank]

Date Executed: 4/13/23

_____
Daniel E. Straffi, Trustee


Straffi & Straffi, LLC

Date Executed: 4/13/23

_____
Daniel E. Straffi, Esq.
Attorney for Plaintiff

[Remainder of page intentionally left blank]

*Daniel E. Straffi, Trustee v. Trend Intermodal Chassis Leasing LLC*
United States Bankruptcy Court, District of New Jersey
Adversary Proceeding No. 22-01368/KCF

Date Executed: April 24, 2023       **Trend Intermodal Chassis Leasing LLC**

By: _____
Printed Name: Ayman Awad
Title: Managing Member


**Simms Showers LLP**


Date Executed: April 24, 2023       By: _____
J. Stephen Simms, Esq.
**Special Counsel to Defendant**


**Genova Burns LLC**

Date Executed: 04/24/2023           By: _____
Donald W. Clarke, Esq.
**Attorney for Defendant**


*Daniel E. Straffi, Trustee* v. *Trend Intermodal Chassis Leasing LLC*
United States Bankruptcy Court, District of New Jersey
Adversary Proceeding No. 22-01368/KCF